727 So.2d 1087 (1999)
John CROCKER and Betty Crocker, Appellants,
v.
Richard PLEASANT, individually, City of West Palm Beach, a municipal corporation, and Palm Beach County, a subdivision of the State of Florida, Appellees.
No. 98-0633.
District Court of Appeal of Florida, Fourth District.
March 3, 1999.
V. Lynn Whitfield of Whitfield & Mosley, West Palm Beach, for appellant.
Leonard Berger, West Palm Beach, for Appellee-Palm Beach County.
Patrick N. Brown, City Attorney, and Mayra I. Rivera-Delgado, Assistant City Attorney, West Palm Beach, for Appellee-City of West Palm Beach.
KLEIN, J.
Appellants, who were plaintiffs in the trial court, brought this action under 42 U.S.C. § 1983 (1994) against appellees, the City of West Palm Beach and Palm Beach County. They also brought a tort action against an officer employed by the city. This appeal involves only the city and the county, not the individual officer. The trial court granted appellees' motion for judgment on the pleadings. We affirm, but certify a question of great public importance.
Appellants alleged that their civil rights were violated by appellees, because appellees made an insufficient effort to notify them of their son's death which occurred in West Palm Beach. The complaint alleges the following facts.
*1088 Appellants' twenty-three year old son was found dead in West Palm Beach without identification. Three days later, the West Palm Beach police officer assigned to investigate obtained the name and address of the plaintiffs in Miami Shores, and teletyped Miami Shores' police department requesting the department to have the plaintiffs call the officer about their son. The officer did not advise Miami Shores that this was a death notification.
The Miami Shores police notified the officer that no one was home but that they would try again. The officer then sent a second teletype to Miami Shores, advising that "no extra effort was necessary and that a note to contact him would suffice." The officer took no other steps to contact the plaintiffs, closed the file, and authorized the release of their son's body to Palm Beach County for burial. Prior to the burial, which occurred about two months after the death, the parents had filed a missing person's report, had continuously searched for their son, and had flyers distributed with his picture on them. The missing person's report was available to the West Palm Beach police. Six months later plaintiffs first learned through their own efforts of their son's death.
The counts against the city and county allege only a cause of action under 42 U.S.C. § 1983, claiming that plaintiffs had a "constitutionally protected property interest" in the body of their son and that their due process rights under the United States Constitution were violated when the city and county failed to notify them of their son's death. Included in their allegations are that the city violated its own regulations and that the county violated section 245.06, Florida Statutes (1995), regarding unclaimed dead bodies, by failing to make a "reasonable effort ... to contact any relatives" of the decedent.
The Fourteenth Amendment of the United States Constitution prohibits states from depriving a person of life, liberty, or property without due process of law. In order to assert a valid due process claim, plaintiffs must prove that they were deprived of property under color of state law. Parratt v. Taylor, 451 U.S. 527, 536-37, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Plaintiffs must also show that the conduct was caused by "established state procedure rather than random and unauthorized action." Hudson v. Palmer, 468 U.S. 517, 532, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).
The trial judge granted the appellees' motion for judgment on the pleadings because he concluded that the plaintiffs have no property right in the body of their deceased son. The court relied on State v. Powell, 497 So.2d 1188 (Fla.1986), in which the issue was whether a statute authorizing the removal of corneal tissue from a dead body without permission of relatives was unconstitutional. In that case our supreme court held that the right of next of kin to possess the body for burial was not a "protectable liberty or property interest in the remains" of the decedent. Id. at 1193.
Plaintiffs rely on federal cases which were decided after Powell and argue that we should follow those cases. The most significant of the federal cases is Brotherton v. Cleveland, 923 F.2d 477 (6th Cir.1991), in which a widow was advancing the same type of claim advanced in Powell, an unconstitutional removal of her deceased husband's corneas. The Brotherton court acknowledged that in order to determine whether there was a property interest protected by the due process clause, it must examine state law, citing Memphis Light, Gas & Water Division v. Craft, 436 U.S. 1, 9, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), but found that the Ohio Supreme Court had not ruled on that issue. The court went on to state, however:
Although the existence of an interest may be a matter of state law, whether that interest rises to the level of a "legitimate claim of entitlement" protected by the due process clause is determined by federal law. Memphis Light, 436 U.S. at 9, 98 S.Ct. at 1560. This determination does not rest on the label attached to a right granted by the state but rather on the substance of that right.
The Brotherton majority concluded that the widow's interest in her husband's corneas was an interest sufficient to allow her to *1089 bring a section 1983 claim. See also Whaley v. County of Tuscola, 58 F.3d 1111 (6th Cir.1995).
We cannot hold that plaintiffs have a section 1983 cause of action based on Brotherton, because it is contrary to Powell. We agree, however, that the misconduct alleged in the present case is much more egregious than the claim made in Powell. In Powell, after explaining how important cornea removal was to Florida's blind citizens, our supreme court observed that the record reflected that cornea removal "requires an infinitesimally small intrusion which does not affect the decedent's appearance. With or without cornea removal, the decedent's eyes must be capped to maintain a normal appearance." Powell, 497 So.2d at 1191.
In contrast, the allegations in the present case are that the West Palm Beach police officer showed such a callous indifference to the rights of the plaintiffs, whose names and address in Miami were known to him, as to constitute outrageous conduct and tortious interference with the right of burial.
Although the facts in the present case are distinguishable from the facts in Powell, we must affirm the judgment on the pleadings because of the broad holding of our supreme court in Powell that the claimants in that case had "no protectable liberty or property interest" in the decedent's body. Powell, 497 So.2d at 1193. We conclude, however, that our supreme court should determine whether Powell is limited to corneal removal or precludes section 1983 actions where the interference with burial is more egregious.[1] We therefore certify the following question as one of great public importance:
DOES POWELL PRECLUDE ALL SECTION 1983 CLAIMS GROUNDED ON INTERFERENCE WITH AN INTEREST IN A DEAD BODY?
GROSS, J., and BAILEY, JENNIFER D., Associate Judge, concur.
NOTES
[1] See, e.g., Arnaud v. Odom, 870 F.2d 304 (5th Cir.1989)(medical examiner performing unauthorized experiments on bodies of deceased infants); Hinkle v. City of Clarksburg, 81 F.3d 416 (4th Cir.1996)(medical examiner disposing of decedent's organs after an autopsy); Fuller v. Marx, 724 F.2d 717 (8th Cir.1984)(medical examiner disposing of bodily organs to cover up crime); Riley v. St. Louis County, 153 F.3d 627 (8th Cir.1998)(funeral services provider allowing police to photograph and display photos of body of plaintiffs' son who had committed suicide); Floyd v. Lykes Bros. Steamship Co., 844 F.2d 1044 (3rd Cir.1988)(unauthorized burial of ship employee at sea); Perry v. Saint Francis Hosp. and Med. Ctr., 865 F.Supp. 724 (D.Kan.1994)(hospital exceeding consent to harvest certain body parts); Mansaw v. Midwest Organ Bank, No. 9700271 CV-W-6, 1998 WL 386327 (W.D.Mo.1998)(harvesting of child's organs where only one parent authorized it).